FILED
SUPERIOR COURT
OF GUAM

2022 SEP -1 PM 4: 15

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| WILLIAM STANLEY,<br><br>      Plaintiff,<br><br>    v.<br><br>GERALYNN TENNESSEN STANLEY,<br><br>      Defendant. | DOMESTIC CASE NO.: DM0450-20<br><br>**DECISION AND ORDER**<br>*Re: Defendant's Motion for an Order to Show Cause; Motion for Contempt; Wage Assignment Order; and Attorney's Fees* |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on May 31, 2022, for a hearing on Defendant's Motion for an Order to Show Cause; Motion for Contempt; Wage Assignment Order; and Attorney's Fees. Present at the hearing were: Plaintiff William Stanley ("Plaintiff") with Counsel Carol Baulos, in place of Gary Gumataotao; and Defendant Geralynn Stanley ("Defendant") with Counsel Nicole Cruz. Having considered the arguments, briefs, and the applicable law, the Court hereby **GRANTS** Defendant's Motion for an Order to Show Cause for Contempt; **GRANTS** Defendant's Motion for Wage Assignment Order; and **GRANTS** Defendant's Motion for Attorney's Fees.

## BACKGROUND

The instant case arises from a Verified Complaint for Divorce filed on December 23, 2020. A correlated child support case, CS0003-21, was initiated less than a month later when the Office of the Attorney General ("OAG") filed its Complaint on January 6, 2021. As such, the Court discusses the child support proceedings to the extent that they are relevant to this Decision and Order.

In CS0003-21, Acting Administrative Hearing Officer Maria Fitzpatrick ("Administrative Hearing Officer Fitzpatrick") filed a Recommended Findings & Order on September 28, 2021 ("September Order") establishing Plaintiff's child support obligation in the amount of $2,087.55, including tuition. *See* Rec. Findings & Order p. 3 (Sept. 28, 2021). A Request for Review of that Order was filed the next day. Then, on October 6, 2021, this Court was designated to review the September Order.

In the instant case, Defendant filed a Motion for an Order to Show Cause; Motion for Contempt; Wage Assignment Order; and Attorney's Fees on March 16, 2022. Plaintiff filed his Opposition on April 6, 2022. Then a hearing on the motion was held on May 31, 2022, wherein the Court took the matter under advisement.

## DISCUSSION

### I. CONTEMPT

Trial courts may use its contempt powers under title 7 GCA section 34101 to hold a party in contempt for failure to comply with the court's orders. *See Paul's Guam Inc. v. Superior Court of Guam*, 2020 Guam 30 ¶ 18; *see* 7 GCA § 34101. Title 7 GCA section 34101(b) establishes the penalty that may be imposed on a person found guilty of indirect contempt of court and states in relevant part:

Any person found guilty of contempt of court pursuant to § 34102(b) [regarding indirect contempt of court] is subject to the same penalties as a person found guilty of a petty misdemeanor.

7 GCA § 34101(b). The elements of contempt are generally: "(1) a valid order, (2) knowledge of the order, (3) ability to comply with the order, and (4) willful failure to comply with the order." *Lamb v. Hoffman*, 2008 Guam 2 ¶ 44; quoting *Rodriguez v. Rodriguez*, 2003 Guam 8 ¶ 15.

### a. The September Order is a Valid Order.

The first element of contempt is that a valid order exists. The order being considered here is the September Order. Therefore, the question becomes whether an order pending appeal is a valid order.

Guam law provides that "any order directing payment of money for support or maintenance of the spouse or the minor child or children *shall not be suspended nor the execution of the other stayed pending an appeal.*" *See* 5 GCA § 34121 (emphasis added). This is to say that an order pending appeal is valid and enforceable.

Here, the fact that the September Order is pending appeal does not strip this Court of its authority to enforce the same as it exist, nor does it deem the September Order invalid. Therefore, the September Order is a valid order that establishes the child support amount as $2,087.55 including tuition, as reflected in the language below:

> The parties did not agree on whether child support should be set *including private school at $2,087.55* or without private school tuition at $1,393.73.
>
> *The court concluded at the August 26, 2021[,] hearing that it was appropriate to include tuition in the child support calculations.* This Decision & Order is a memorialization of the court's decision to include private school tuition in the child support calculations.

Rec. Findings & Order p. 3 (Sept. 28, 2021)(emphasis added).

### b. Plaintiff had Knowledge of the September Order.

The second element of contempt is that the party has knowledge of the order. Here, the Court observes that Plaintiff[1] and his attorney were present at the August 29, 2021, CS0003-21 hearing where Administrative Hearing Officer Fitzpatrick set the child support amount at $2,087.55, and concluded that such amount would include tuition. *See* Min. Entry 1:34:51PM; 2:11:49PM (Aug. 26, 2021). As such, the Court finds this sufficient to conclude that Plaintiff had knowledge of the September Order memorializing the obligations established at the August 29, 2021 haring.

### c. Plaintiff's Ability to Comply with the Order is not an element for consideration here.

Generally, the next element of contempt is the party's ability to comply with the order. However, "where the order is a family law order for payment of support or attorney fees, and the family law court has already determined the alleged contemner's [sic] ability to pay the underlying order, the ability to comply with the order is not an element of contempt." *Rodriguez*, 2003 Guam 8 ¶ 15. As such, the Court does not consider this element in its contempt analysis.

### d. Plaintiff Willfully Failed to Comply with the September Order.

The final element of contempt is the party's willful failure to comply with the order. Here, Plaintiff relies on *Lamb v. Hoffmen*, for the proposition that:

> A good faith belief that a party's interpretation of the support order is correct may prevent a finding of willfulness for purposes of establishing contempt.

2008 Guam 2 ¶ 52. The Court is not persuaded by this proposition. After reviewing the *Lamb* case, as cited by Plaintiff, the Court finds that the proposition indicated above is only triggered "when a support order might be interpreted in multiple ways." *Lamb*, 2008 Guam 2 ¶ 52. The

---

[1] Plaintiff is identified as "Defendant" in CS0003-21.

September Order is straight forward as it establishes child support amount as $2,087.55 including tuition. *See* Rec. Findings & Order p. 3 (Sept. 28, 2021). Therefore, further consideration of whether a party's interpretation raises to the level of "willful failure to comply with the order," is not warranted. *See Lamb*, 2008 Guam 2 ¶ 52.

Plaintiff further asserts that the September Order is not lawful if this Court has no jurisdiction. *See* Pl's Opp'n p. 4 (April 6, 2022). The Court is not persuaded by this argument.

Title 19 GCA, Chapter 5A, created the Judicial Hearings Division. "The principal purpose of the Division is to provide a speedy and efficient legal process in child support cases which will assist the Superior Court judge in adjudicating maintenance and support matters and in enforcing orders." *See* 19 GCA § 5502(a). Under title 19 GCA section 5503, referees and hearing officers perform specific duties in relation to family law matters under the authority of the Superior Court. *See* 19 GCA § 5503. However, the statutes are silent regarding whether or not the expedited judicial process is the exclusive process in child support matters, or whether the Court "must" or "should" remand the matter to the referee. Nonetheless, in interpreting title 19 GCA section 5503, the Supreme Court held that the trial court must make a "good faith effort to supervise the referee and correct any obvious errors." *Lamb*, 2008 Guam 2 ¶ 41. Additionally, the Rules for Expedited Process govern the procedure before the Judicial Hearing Division of the Superior Court. Preamble to Super. Ct. Rules for Expedited Process (1994). Under those rules, "[t]he Superior Court shall have *concurrent jurisdiction* to hear all matters that may be heard by the referee." Super. Ct. Rules for Expedited Process Rule 4.2(g) (emphasis added).

For the reasons set forth above, the Court finds that it has concurrent jurisdiction over the child support proceedings that were before Referee Keith and Administrative Hearing Officer Fitzgerald, as it relates here; and that Plaintiff is in willful violation of the September

Order. Having satisfied all elements of contempt, the Court hereby **GRANTS** Defendant's Motion for an Order to Show Cause.

## II.  WAGE ASSIGNMENT

Title 5 GCA section 34132 governs mandatory wage assignments, and it states in relevant part:

> In any proceeding where the court has ordered either or both parents to pay any amount of child support which is being enforced, the court shall order either or both parents to assign the appropriate government agency which is receiving support payments on behalf of obliges that portion of the salary or wages of that parent due or to be due in the future as will be sufficient to pay the amount ordered by the court for support, maintenance, and education of the minor child. The order shall operate as an assignment and shall be binding upon any existing or future employer of the obligor upon whom a copy of the order is served.

*See* 5 GCA § 34132. Here, the September Order requires Plaintiff to pay child support in the amount of $2,087.55 including tuition. *See* Rec. Findings & Order p. 3 (Sept. 28, 2021). On March 15, 2022, Defendant submitted a Wage and Earnings Assignment Order for Child Support, which Plaintiff does not seem to object to or otherwise oppose. As such, in enforcing the September Order, the Court hereby **GRANTS** Defendant's Motion for a Wage Assignment Order.

## III.  ATTORNEY'S FEES

Guam, like other United States jurisdictions, follows the "American Rule" governing attorney's fees. *Marcis v. Swavely*, 2008 Guam 18 ¶ 15; citing *Fleming v. Quigley*, 2003 Guam 4 ¶ 35. Under the American Rule, "the prevailing litigant is ordinarily not entitled to collect a reasonably attorneys' fee from the loser." *Id.*; quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). Instead, all litigants "bear their own litigation expenses, including attorney's fees." *Id.*; quoting *Fleming*, 2003 Guam 4 ¶ 7. There are several recognized exceptions to the American Rule. If an exception applies, fee-shifting is allowed.

The exceptions to the American Rule include where the attorney's fees are: (1) authorized by statute, (2) authorized by contract, or (3) allowed in judicially-established equitable circumstances. *Fleming*, 2003 Guam 4 ¶ 7; citing *Young v. Redman*, 128 Cal, Rptr. 86, 91 (Cal. App. 1976). As it relates here, title 19 GCA section 8402 provides that:

> *When an action for dissolution of marriage is pending, the court may in its discretion,* require the husband or wife, as the case by be, to pay as alimony any money necessary to enable the wife, or husband, to support herself and her children, or to support himself and his children, *or prosecute or defend the action.*

*See* 19 GCA § 8402 (emphasis added); *see* also *Cruz v. Cruz*, 2005 Guam 3 ¶ 9.

It is apparent and undisputed that the dissolution of the marriage is still pending. In exercising its discretion, the Court is satisfied that the circumstances of the instant case sufficiently warrant Plaintiff to pay Defendant's attorney's fees in defending this action. As such, the Court hereby **GRANTS** Defendant's Motion for Attorney's fees.

## CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** Defendant's Motion for an Order to Show Cause for Contempt; **GRANTS** Defendant's Motion for Wage Assignment Order; and **GRANTS** Defendant's Motion for Attorney's Fees.

**IT IS SO ORDERED** ___SEP 0 1 2022___ .



**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam